## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| SYED "ALEX" ALI | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO.  2:05CV206 |
| | § | |
| WOODLAND HEIGHTS MEDICAL CENTER | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Woodland Heights Medical Center's Expedited Motion for Protective Order (Docket No. 22).  Having considered the parties' written arguments, the Court **GRANTS** the motion as to Woodland Heights' request for a protective order and **DENIES** the motion as to Woodland Heights' request for attorneys' fees.

## BACKGROUND

Syed Ali has sued Woodland Heights under the Age Discrimination in Employment Act, *see* 28 U.S.C. § 621, section 1981, *see* 42 U.S.C. § 1981, and Title VII, *see* 42 U.S.C. § 2000e.  Ali alleges that Woodland Heights terminated his employment in June 2004 because of his age and national origin.

Although Woodland Heights is a separately incorporated legal entity, it is owned by Triad Hospitals, Inc.  Ali noticed a Rule 30(b)(6) deposition of Woodland Heights, which included the topic "[o]ther reports of discrimination at Defendant and other Triad hospitals since 01/01/04, and responses thereto."  Woodland Heights moves for a protective order for this topic.  Woodland Heights also moves for attorneys' fees and costs incurred in preparing this motion.

## APPLICABLE LAW

A party seeking a Federal Rule of Civil Procedure 26(c) protective order prohibiting deposition testimony must establish good cause and a specific need for protection. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (Schell, J.) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). "'Good cause' exists when justice requires the protection of a 'party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (citing Fed. R. Civ. P. 26(c)). The movant carries the burden to prove the protective order's necessity. *Id.* This "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). A court has significant discretion in making this determination. *Id.*

## ANALYSIS

Woodland Heights moves for a protective order claiming that there is no Woodland Heights representative that has knowledge of discrimination reports at any hospital other than Woodland Heights. Woodland Heights also argues this information is not relevant and not likely to lead to admissible evidence and that it would unduly burden Woodland Heights to obtain this information.

Ali responds that Woodland Heights' counsel represents Woodland Heights because it is a Triad Hospital and Triad is defense counsel's client, lessening Woodland Height's burden in obtaining the information. Ali also contends that Woodland Heights claims his termination was based on a survey commissioned by Triad. Ali further contends that Triad employs Brad Holland, who allegedly caused Ali's termination, and Henry Wiens, who allegedly recommended Ali's termination. Additionally, Ali contends Woodland Heights' disclosures lack records reflecting its

organizational structure and relationship to Triad, including whether Triad oversees Woodland Heights' personnel functions and policies.

Ali has not brought suit against Triad, and the only named defendants in this case is Woodland Heights.   Although Triad owns Woodland Heights, they are separate entities. Accordingly, it would be unduly burdensome for Woodland Heights to answer questions about discrimination claims made against any other Triad hospital.  Further, because Triad is not a named defendant, inquiry into discrimination claims against other Triad hospitals is not likely to lead to admissible evidence against Woodland Heights.  Ali's notice of deposition includes the topics of Woodland Heights' claimed reasons for terminating Ali, Woodland Heights' relationship to other Triad hospitals, as relevant to this case, and Woodland Heights' personnel policies.  These topics should allow Ali to adequately explore the relationship between Triad and Woodland Heights that may have led to Ali's termination.

Federal Rules of Civil Procedure 26(c) and 37(a)(4) allows for attorneys' fees in relation to a motion for protective order.  In these circumstances, an award of attorneys' fees would be unjust, and the Court denies the motion in so far as it seeks such relief.

CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion at to protection from the deposition topic, but **DENIES** the motion as to attorneys' fees.

**So ORDERED and SIGNED this 31st day of October, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**