**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SYED "ALEX" ALI** § | |
| § | |
| **Plaintiff** § | |
| § | |
| vs. § | **CASE NO.  2:05CV206** |
| § | |
| **WOODLAND HEIGHTS MEDICAL CENTER** § | |
| § | |
| **Defendant** § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Docket No. 79).  For the reasons below, the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff Syed "Alex" Ali ("Ali") brought suit against Woodland Heights Medical Center ("WHMC") alleging that WHMC discriminated against him based on his national origin in violation of 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 ("§ 1981") and based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("the ADEA").  The matter came for trial on the merits without a jury and was taken under submission.

The parties stipulated that Ali established a prima facie case of discrimination under Title VII, § 1981, and the ADEA.  Furthermore, Ali did not dispute that WHMC met its burden by producing admissible evidence of a legitimate non-discriminatory reason for terminating Ali based on poor work performance.  Ali presented several different theories as to why WHMC's purported reason for terminating Ali was a pretext for discrimination.  In its Findings of Fact and Conclusions of Law (Docket No. 77), the Court found that WHMC did not intentionally discriminate against Ali

based on his national origin under Title VII, § 1981, or based on his age under the ADEA, and held that Ali take nothing.

## ANALYSIS

Ali now requests this Court essentially reconsider its findings of fact and conclusions of law and advances many of the same theories argued at trial. A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem,* Inc., 367 F.3d 473, 478 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 478 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La.2000)).

Ali asserts four grounds for reconsideration, stating that the Court's judgment is erroneously based on:

> (1) WHMC's alleged perception that Plaintiff was incapable of improving patient satisfaction scores when in fact the evidence is uncontroverted that WHMC and Holland actually knew of and adopted the Plaintiff's plan to improve the patient satisfaction scores; (2) WHMC's and Holland's alleged reliance on Wiens' report recommending the termination of Ali when the uncontradicted evidence is that the report was on its face unreliable, Wiens was merely confirming what Holland wanted, and almost all of Wiens' other recommendations were ignored; (3) WHMC's, and Holland's, false description of Ali's termination as part of a reduction in force not being evidence of pretext b ut merely the result of poor communication between Holland and Defendant's HR Department when it is undisputed that both Holland and the HR Department falsely indicated Ali's termination was a reduction in force; and (4) the Court's disregard of considerable evidence that Ali's termination

> resulted from departures from WHMC's normally expected procedures and was contrary to considerable unavoidable evidence that Ali's good performance had been recognized.

Plaintiff's Mot. at 1–2. The Court addressed each of these theories in its Findings of Fact and Conclusions of Law,[1] as well as all evidence pointed to by Ali in the current motion. The Court stands by its findings and will not rehash the merits of the case absent newly discovered evidence or a manifest error in the law or fact. Ali does not identify a manifest error of law or fat, nor does he present newly discovered evidence. Accordingly, the Court **DENIES** the motion.

## CONCLUSION

For the reasons discussed above, the motion is **DENIED**.

**So ORDERED and SIGNED this 13th day of December, 2006.**

*[signature]*

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

---

[1] *See* Memorandum Opinion (Docket No. 77) at p. 9–15.